UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC PICKERSGILL<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT B. NEELY, JR. and INSPIRE MORE, LLC<br><br>    Defendants | CIVIL ACTION # 3:19-cv-21-773<br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Eric Pickersgill respectfully alleges as follows for his original complaint against Robert B. Neely, Jr. and Inspire More, LLC.

## PARTIES

1. Plaintiff Eric Pickersgill ("Plaintiff" or "Pickersgill") is a resident of Charlotte, North Carolina.

2. Defendant Robert B. Neely, Jr. ("Defendant" or "Neely") is an individual believed to be residing in Dallas, Texas and may be served at his place of business at 311 N. Market St 200, Dallas, Texas 75202, or wherever he may be found.

3. Defendant Inspire More, LLC ("Defendant" or "InspireMore") is a Texas limited liability company with its principle place of business in Dallas, Texas, and may be served through its registered agent Robert B. Neely, Jr. at the Dallas Entrepreneur Center c/o Inspire More, 1333 N. Stemmons Freeway, Ste 110, Dallas, Texas 75207.

1

## NATURE OF THE CLAIMS

4.  This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, arising in connection with Defendants' unauthorized commercial exploitation of ten (10) of Plaintiff's federally registered photographs.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6.  This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7.  All conditions precedent have been performed or have occurred.[1]

## BACKGROUND FACTS

8.  Eric Pickersgill is an internationally recognized photographer whose works have been exhibited at institutions, galleries, and art fairs such as The North Carolina Museum of Art, Pantheon-Sorbonne University, The Ackland Art Museum, Rick Wester Fine Art, Pulse Art Fair Miami and AIPAD.

9.  Defendant InspireMore is an online publisher that describes itself as "[t]he leader in good news and positive media happening around the world," and claims to have "reached

---

[1] The photographs at issue were timely registered with the U.S. Copyright Office, which issued registration number VAu 1-258-364, effective July 05, 2016, a true and correct copy of which is attached hereto as **Exhibit A**.

more than 500 million people around the world … making [it] at one point the #15 most visited mobile website in the U.S."[2]  According to records maintained by the Texas Secretary of State, Neely is the founder and President of InspireMore, and upon information and belief is the sole member/manager of the company.

      10.    In or around 2015, Mr. Pickersgill created a series of large format portraits exploring the psychological and social effects of smartphones.  In the photos, individuals appear to be holding personal devices, although the devices have been physically removed from their hands.  Mr. Pickersgill named the series "Removed," and over the course of the next few years, it became a sensation—prompting a series of articles, reviews and essays; as well as television, radio, and podcast interviews.  An example of one of the photographs from the "Removed" series appears below.



---

[2] https://www.facebook.com/inspiremoreofficial/about/?ref=page_internal.

11. In or around the summer of 2020, Mr. Pickersgill discovered that InspireMore was displaying ten (10) of the Removed photographs on its website (hereinafter, the "Photos"), at https://www.inspiremore.com/photog-removes-phones-pictures/, as reflected below:



12. In addition to the foregoing, InspireMore shared one or more of the Photos on its social media accounts, including Facebook, and encouraged others to share the Photos—both by way of its own social media posts, and through the use of "share" buttons on the InspireMore website (see above)—leading to over 900 republications of the Photos via Facebook alone.[3]

13. InspireMore sought no authorization for its publication of Mr. Pickersgill's valuable Photos and/or its inducement of others to share the Photos; nor did it have any such authorization.

---

[3] *See* https://www.facebook.com/inspiremoreofficial/posts/955094567915962 (reflecting 69 comments and 953 "shares" as of March 24, 2021). Incredibly, the "share" tool on InspireMore's website invites and facilitates sharing of copyrighted content via more than 180 different social media sites and methods.

14. After discovering InspireMore's massive infringement of his copyrights, Mr. Pickersgill's agents attempted several times to contact the Defendants to resolve the issue. An initial notice and demand letter, along with several subsequent communications, were confirmed as delivered; however, Defendants ignored those communications, and worse, have continued to display the Photos and induce others to do the same via social media without Mr. Pickersgill's authorization.

15. Mr. Pickersgill now brings this suit for copyright infringement.

## COUNT 1:
### COPYRIGHT INFRINGEMENT

16. Plaintiff realleges and incorporates herein the foregoing paragraphs.

17. By its actions alleged above, Defendant InspireMore has infringed Mr. Pickersgill's federally registered copyrights. Specifically, by copying, distributing and/or displaying the Photos on its website without his consent, InspireMore has infringed Mr. Pickersgill's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

18. Upon information and belief, Defendant Neely is jointly and severally liable for any direct copyright infringement committed by InspireMore and/or its agents because he participated in the acts of infringement and/or because he is the dominant influence in the company by virtue of his position and ownership, and therefore determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

19. As a result of the foregoing, Mr. Pickersgill is entitled to actual damages plus profits of the Defendants. 17 U.S.C. §§ 504.

## COUNT 2:
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

20. Plaintiff realleges and incorporates herein the foregoing paragraphs.

21. By its actions alleged above, Defendant InspireMore has contributorily infringed Mr. Pickersgill's copyrights. Specifically, InspireMore has knowingly induced, caused and/or materially contributed to the infringing conduct of third parties by, *inter alia*, employing "share" buttons on its website, and sharing the Photos to its own social media accounts—thereby inducing and enabling its users to copy, distribute and display the Photos hundreds, if not thousands, of times via social media, text and email."[4] Mr. Pickersgill never authorized InspireMore's users to copy, distribute and display his Photos—the result being that those activities were clearly infringing.

22. Upon information and belief, Defendant Neely knowingly induced, caused and/or materially contributed to the infringing conduct of InspireMore and its users by (a) implementing, overseeing and/or authorizing the policies that allowed the Photos to be used on InspireMore's website without authorization and failing to cause InspireMore's use of the Photos to cease after being notified that the use was unauthorized, and (b) implementing, overseeing and/or authorizing the use of "share" buttons and social media sharing on InspireMore's website and failing to cause such activities to cease after being notified that InspireMore's use of the Photos was unauthorized.

---

[4] *See, e.g., Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011) (defendant who "provided machinery or goods that facilitated infringement" can be held contributorily liable); *see also* 2 William F. Patry, COPYRIGHT LAW & PRACTICE 1147 ("[m]erely providing the means for infringement may be sufficient" to incur contributory copyright liability); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (citing *Columbia Pictures Industries, Inc. v. Aveco, Inc.*, 800 F.2d 59 (3rd Cir. 1986) ("providing the site and facilities for known infringing activity is sufficient to establish contributory liability.").

23.    Upon information and belief, Defendants' actions constituted willful infringement of Mr. Pickersgill's copyrights inasmuch as they knew, or had reason to know, that their actions were inducing, causing or materially contributing to the infringing conduct of others; and/or because they acted with reckless disregard of Mr. Pickersgill's copyrights.  For instance, Defendants are sophisticated and experienced publishers who are familiar with the copyright laws and assert their own copyrights,[5] and were therefore well aware that authorization is required to use other people's creative works.[6]  Despite their knowledge, experience and familiarity with copyright laws, Defendants recklessly induced their users to share the Photos without license.  Moreover, Defendants ignored repeated notices of infringement and have not taken down the Photos and/or disabled the sharing functions that have allowed them to be distributed and displayed hundreds, if not thousands, of times.[7]

24.    As a result of the foregoing, Mr. Pickersgill is entitled to actual damages, plus Defendants' profits; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

## COUNT 3:
### VICARIOUS INFRINGEMENT

25.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

---

[5] *See* https://www.inspiremore.com/terms/, section 9 discussing copyrights.
[6] *See Lance v. Freddie Records, Inc.*, 986 F.2d 1419 (5th Cir. 1993), [published in full-text format at 1993 U.S. App. LEXIS 40601, at *5-6 (5th Cir. 1993) (unpublished) (affirming a willful-infringement finding because the defendant had 20 years of experience in the music industry and "was quite familiar with the applicable copyright laws."); *Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993) (finding that a publisher willfully infringed and rejecting the argument that the publisher did not realize the work was copyrighted given its industry experience).
[7] *See, e.g. Martin v. City of Indianapolis*, 4 F. Supp. 2d 808, 811 (S.D. Ind. 1998) (enhanced statutory damages for willful infringement are intended to teach that "one who undertakes a course of infringing conduct may neither sneer in the face of the . . . owner nor hide its head in the sand like an ostrich").

26. Defendant InspireMore is liable for vicarious infringement because it had the right and ability to supervise the infringing activities of its users, and the practical ability to stop the infringement; and because it had a direct financial interest in those infringing activities. With respect to the first element, InspireMore had both the right and ability to supervise the infringing conduct of its users, and the practical ability to stop such conduct, by disabling the "share" buttons and/or by terminating its unauthorized use of the Photos.

27. With respect to the second element of vicarious infringement (direct financial interest), InspireMore had a direct financial interest in the infringing activities of its users which caused widespread dissemination the Photos, and employed hyperlinks to InspireMore's website—thereby driving traffic and generating ad revenues. *See, e.g., Stross v. PR Advisors, LLC*, No. 3:19-CV-1086-G, 2019 U.S. Dist. LEXIS 190506, at *8 (N.D. Tex. Oct. 31, 2019) (photographs increased attractiveness of website and drove traffic, thereby constituting direct financial interest). InspireMore also had a direct financial interest in the infringing activities of its users due to the saved costs of licensing fees it would otherwise have paid to use the works. *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019) (Hightower, M.J.).

28. Defendant Neely—as co-founder, President, and sole member/manager of InspireMore—is vicariously liable for the infringing activities of the company and its users because he had the right and ability to supervise those activities (by virtue of his position and ownership interest), and the practical ability to stop them by (a) causing InspireMore to cease its use of the Photos, and/or (ii) disabling the use of "share" buttons on InspireMore's website.

29. Neely had a direct financial interest in the infringing activities of InspireMore and its users by virtue of the heightened web traffic that was generated through those activities, and his ownership interests in InspireMore (which allowed him to reap direct financial reward from the unauthorized use of the Photos).

30. Upon information and belief, Defendants' actions constituted willful infringement of Mr. Pickersgill's copyrights inasmuch as they knew, or had reason to know, that the use of the Photos was unauthorized; and/or because they acted with reckless disregard of Mr. Pickersgill's copyrights by failing to insure that the images were properly licensed despite their knowledge, experience and familiarity with copyright laws; and because they ignored multiple requests to cease their use of the works.

31. As a result of the foregoing, Mr. Pickersgill is entitled to actual damages plus profits of the Defendant; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## JURY DEMAND

32. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

Plaintiff prays for:

A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photo;

B. An award of actual damages under 17 U.S.C. § 504(b), or statutory damages under 17 U.S.C. § 504(c);

C.   An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D.   Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.   Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 5th Day of April, 2021

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*

and

James E. Key
Texas Bar # 24012958
**HARRIS, FINLEY & BOGLE, P.C.**
777 Main Street, Suite 3600
Fort Worth, Texas 76102
Telephone:  (817) 870-8735
Fax:  (817) 333-1182
*jkey@hfblaw.com*
ATTORNEYS FOR PLAINTIFF ERIC PICKERSGILL