UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC PICKERSGILL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:21-CV-00773-X |
| ROBERT B. NEELY, JR. and | § | |
| INSPIRE MORE, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

This is a copyright infringement case arising out of Defendants Robert B. Neely

and Inspire More, LLC's (the defendants) alleged infringement of Plaintiff Eric

Pickersgill's (Pickersgill) photos in a series he named *Removed.* Before the Court are

three motions: Pickersgill's Motion to Strike [Doc. No. 17], the defendants' Motion for

Judgment on the Pleadings [Doc. No. 14], and Pickersgill's Motion for Leave to File

Surreply [Doc. No. 22].

Upon reviewing the motion and the defendants' affirmative defenses, the Court

**GRANTS IN PART AND DENIES IN PART** Pickersgill's motion to strike. The

Court strikes the defendants' affirmative defenses of willfulness and laches as

insufficient as a matter of law and their defenses of waiver, estoppel, and Digital

Millennium Copyright Act (DMCA) as insufficiently pled. The defenses of fair use

and express or implied license are sufficiently pled. The Court grants the defendants

leave to replead their affirmative defenses of waiver, estoppel, and DMCA within

1

twenty-eight days of this order.  The defendants are limited to correcting the defects outlined in this order.

The Court also **DENIES** the defendants' motion for judgment on the pleadings. And because the Court does not rely on the portions of the defendants' reply brief that Pickersgill wished to respond to, the Court **DISMISSES AS MOOT** Pickersgill's motion for leave to file surreply.

## I.      Motion to Strike

Pickersgill moves to strike five of the defendants' six affirmative defenses to Pickersgill's copyright infringement claim.  [Doc. No. 17].

### A.      Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to strike a party's affirmative defenses.  Under this rule, the Court may strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] However, as the Northern District has repeatedly stated, "because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."[2]  The Court will strike a portion of a pleading only if it has "no possible relation" to the controversy or "may prejudice the moving party."[3]

---

[1] FED. R. CIV. P. 12(f).

[2] *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.); *Salinas v. O'Reilly Auto., Inc.*, No. 3:04-CV-1861-B, 2005 WL 8158372, at *1 (N.D. Tex. June 16, 2005) (Boyle, J.).

[3] *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008) (Fish, J.).

The standard for a 12(f) motion is one of fair notice.[4]  Under this standard, a court will not strike an affirmative defense if the defendant alleges sufficient factual particularity, such that the plaintiff has "fair notice" of the defenses raised and will not be unfairly surprised.[5]  However, a defense that cannot succeed under any circumstance is insufficient as a matter of law, and courts will strike it.[6]  Pickersgill asserts that five of the defendants' affirmative defenses are insufficient as a matter of pleading and two are insufficient as a matter of law.  The Court analyzes each defense in turn.

## B.    Analysis

### 1. Willfulness

In their first defense, the defendants posit that their "conduct was not willful." While willfulness is relevant in determining statutory damages, it is not an affirmative defense to liability for copyright infringement.[7]  Therefore, the Court **STRIKES** this defense because it is insufficient as a matter of law.

---

[4] *J&J Sports Prods. v. Willie Ray's Private Room, Inc.*, No. 3:16-CV-1206-D, 2017 WL 514422, at *5 (N.D. Tex. Feb. 8, 2017) (Fitzwater, J.) (applying standard from *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

[5] *Id.*

[6] *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

[7] *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2010 WL 4366990, at *46 (S.D. Tex. Oct. 27, 2010) ("With respect to claims brought under the Copyright Act, innocent infringement is not an affirmative defense to liability for infringement of works created after March 1, 1989."); *Live Face on Web, LLC v. Natchez Bd. of Realtors, Inc.*, No. 5:17-CV-122-DCB-MTP, 2018 WL 1247880, at *3 (S.D. Miss. Mar. 9, 2018) ("The affirmative defense of innocent infringement cannot succeed under any set of facts because it is not, in fact, an affirmative defense to infringement liability.").

## 2.  Waiver, Estoppel, and Laches

Second, the defendants argue that because the allegedly infringing acts occurred in 2015 and 2016, the doctrines of waiver, estoppel, and laches apply.

In the copyright context, the defense closest to waiver is abandonment, which requires an intentional act on the part of the plaintiff to abandon his rights.[8]  Here, the defendants merely named the defense alongside the photos' publication date. This is insufficient as a matter of pleading because it fails to allege sufficient facts to provide fair notice of the defense of abandonment (styled as waiver here).[9]

Estoppel as an affirmative defense requires four elements.[10]  It is an "equitable defense that must be pled with the specific elements required to establish the defense."[11]  The defendants provide no factual basis, or even suggestion, of any of these elements.  They provide the date of the alleged infringement, but delay is not an element of estoppel.  Therefore, the Court **STRIKES** the defendants' estoppel defense because it is insufficient as a matter of pleading.

Laches, on the other hand, *is* a defense concerned with the timeliness of a claim.[12]  However, it "cannot be invoked" in the copyright context because Congress

---

[8] *Gillani Consulting, Inc. v. Ferguson Enters., Inc.*, No. 3:07-CV-1488-O, 2010 WL 11583174, at *7 (N.D. Tex. June 8, 2010) (O'Connor, J.).

[9] *Woodfield*, 193 F.3d at 362.

[10] *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003).  The elements for estoppel in a copyright case are "(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury." *Id.* (citing 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 13.07 (2002) and collecting cases).

[11] *T-Mobile USA*, 2008 WL 2600016, at *3 (cleaned up).

[12] *See Petrella v. MGM*, 572 U.S. 663, 685 (2014).

has spoken on the issue of timeliness by codifying a statute of limitations.[13]   Laches

is valid only when "extraordinary circumstances" demand that the court bar equitable

relief for a claim made *within* the statute of limitations.[14]   Therefore, the Court

**STRIKES** the defendants' laches defense as insufficient as a matter of law.

### 3.  Fair Use

The defendants' fourth affirmative defense states that "Plaintiff's claims are

barred in whole or in part by fair use."  In some instances, "merely pleading the name

of the affirmative defense" is sufficient.[15]   Fair use is a specific, codified defense[16] and

the defendants pled facts that provide sufficient notice of its relevance.

### 4.  Digital Millennium Copyright Act

Title II of the DMCA added four safe harbors for some online service

providers.[17]   The defendants cited generally to the entire chapter and failed to specify

which of its four distinct protections might apply.  The defendants' facts do not clearly

implicate a DMCA safe harbor such that Pickersgill has fair notice.[18]   The Court

---

[13] *Id.* at 677 ("[T]he copyright statute of limitations, § 507(b), itself takes account of delay.").

[14] *Id.* at 685–86 (citing *Chirco v. Crosswinds Cmtys.*, 474 F.3d 227, 236 (6th Cir. 2007) (holder of an architectural copyright waited to file an infringement claim until a housing development was built, sold, and occupied, and then sought the destruction of all the infringing homes)); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 959 (2017) ("In *Petrella*, we held that laches cannot preclude a claim for damages incurred within the Copyright Act's 3–year limitations period.").

[15] *Woodfield*, 193 F.3d at 362.

[16] 17 U.S.C. § 107.

[17] *Id.* § 512.

[18] *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-CV-0398-B, 2008 WL 4826035, at *1 (N.D. Tex. Nov. 6, 2008) (Boyle, J.) (holding that the "bald affirmative defense[] of . . . the Digital Millennium Copyright Act . . . can be easily stricken").

therefore **STRIKES** this affirmative defense because it is insufficient as a matter of pleading.

### 5.   Express or Implied License

License is a valid affirmative defense to a claim of copyright infringement, and it can be "implied from conduct."[19]  The defendants assert that their amended answer contains sufficient evidence to imply a license and that more will come through discovery.  Even disregarding the new evidence set forth in the defendants' response, Pickersgill has sufficient notice of the defense.

## II.        Motion for Judgment on the Pleadings

The defendants move for judgment on the pleadings under Rule 12(c).  First, they argue that Pickersgill's claims are barred by the three-year statute of limitations.   Alternatively, they argue that they are entitled to judgment on Pickersgill's claim for statutory damages and attorney's fees because the alleged infringement occurred before the photos were registered and Pickersgill waited almost seven months to register the photos after their first publication.

### A.        Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings is appropriate when the "material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[20]   In

---

[19] *Lulirama, Ltd. Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997) (quoting 3 NIMMER, *supra* note 10, § 10.03[A], at 10–40).

[20] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).

reviewing a 12(c) motion, "[p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain."[21]  "An affirmative defense or new matters appearing in the answer *may* create a material issue of fact and therefore prevent a successful motion under Rule 12(c)."[22]  Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions.[23]  Therefore, Court must "ask whether the complaint states a valid claim for relief," "taking the complaint's well-pleaded facts as true and viewing them in the light most favorable to the plaintiff."[24]

## B.    Analysis

### 1.  Statute of Limitations

"Limitations is an affirmative defense."[25]  "To obtain a dismissal at the Rule 12(c) stage based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings."[26]  Specifically, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the

---

[21] *Id.* (citation omitted).

[22] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Resolution Tr. Corp.*, 18 F.3d 935 (5th Cir. 1994) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368, at 529 (1990)).

[23] *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020).

[24] *Med RX/Sys., P.L.L.C. v. Tex. Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (cleaned up).

[25] *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2021 WL 1894689, at *7 (N.D. Tex. May 11, 2021) (Fitzwater, J.) (citing FED. R. CIV. P. 8(c)(1)), *clarified on denial of reconsideration*, No. 3:19-CV-2311-D, 2021 WL 4219700 (N.D. Tex. Sept. 16, 2021), *appeal filed sub nom. Jackson v. CSL Plasma*, No. 21-11038 (5th Cir. Oct. 15, 2021); *see also EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.").

[26] *Anderson*, 2021 WL 1894689, at *7 (cleaned up).

plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[27]   "Copyright claims are subject to a three-year statute of limitations."[28]   And the Fifth Circuit has applied the discovery rule to actions under the Copyright Act.[29]  The relevant question, then, "is when the claim accrued, not when the infringement occurred."[30]

Pickersgill's complaint alleges that he discovered the defendants' infringement in or around the summer of 2020.  Under the 12(c) standard, the Court accepts this fact as true.  And Pickersgill filed this lawsuit on April 5, 2021, within the three-year limitations period.  Therefore, on the face of the complaint, Pickersgill's action is timely.  Defendants argue, however, that Pickersgill knew or should have known about the defendants' allegedly infringing acts no later than January 27, 2016, the date the defendants posted the photographs to their social media.  They reason that "[Pickersgill] should have discovered the Article and/or Posting at or near the time of their publication through the exercise of reasonable diligence" because numerous news articles show that the photographs were popular in 2015 and 2016.[31]  Further, the defendants argue that Pickersgill "has not alleged any facts demonstrating that

---

[27] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[28] *Papa Berg, Inc. v. World Wrestling Ent., Inc.*, No. 3:12-CV-2406-B, 2013 WL 2090547, at *13 (N.D. Tex. May 15, 2013) (Boyle, J.) (citing 17 U.S.C. § 507(b) and citing *Jaso v. Coca–Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011)).

[29] *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 n.5 (5th Cir. 2014) (noting that other circuits have applied the discovery rule to Copyright Act actions and citing cases).

[30] *Dynastudy, Inc. v. Hous. Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 775 (S.D. Tex. 2017) (quoting *Groden v. Allen*, 279 F. App'x 290, 294 (5th Cir. 2008)).

[31] Doc. No. 14 at 5.

he exercised reasonable diligence and yet was unable to discover the Article and/or Posting's existence."[32]

First, under the federal pleading standards, plaintiffs are generally "not required to plead, in the complaint, facts that negate an affirmative defense."[33]  So, "[a] statute of limitations defense only supports dismissal at this stage of the litigation if the plaintiff's claims are clearly time-barred based on a review of the pleadings."[34]  And second, in support of its argument that Pickersgill was on constructive notice, the defendants ask the Court to take judicial notice of (1) the date of publication of three news articles portraying the photographs at issue and (2) the fact that the articles publicly displayed the photographs at issue.[35]  Even if the Court judicially noticed these facts, they do not entitle the defendants to judgment on the pleadings.  It may be that defendants will be able to prove that Pickersgill should have known that defendants were using his work in 2016, however, this is a fact-intensive inquiry, and the Court cannot grant judgment on this issue at this stage.

---

[32] *Id.*

[33] *Philpot v. New Orleans Tourism Mktg. Corp.*, No. CV 18-9087, 2019 WL 142295, at *4 (E.D. La. Jan. 9, 2019) (quoting *Jaso*, 435 F. App'x at 352).

[34] *Id.*; *see also id.* at n.21 ("The Court need not delve into whether the complaint raises a basis for tolling the statute of limitations because it is not evident from the face of the complaint that the action is time-barred.").

[35] Doc. No. 14 at 2–3 (asking the Court to take judicial notice of the date the Business Insider, CNN, and Buzzfeed articles were published and of the fact that they publicly displayed the *Removed* photographs).  In their reply, the defendants also ask the Court to judicially notice the "fact that Plaintiff was aware of the viral distribution of the Removed series in October 2015" based on Pickersgill's 2015 blog post that acknowledged the "viral distribution of Removed."  This is not the type of adjudicative fact that the Court may judicially notice.  Even if it were, it does not clearly help the defendants' position on their 12(c) motion.  The blog post may actually suggest that Pickersgill did not know about the defendants' infringement and that the viral distribution was caused by journalists who had Pickersgill's permission to use the work.

Therefore, the Court finds that because Pickersgill's action is not time-barred on the face of the complaint, the defendants' motion is **DENIED** on this ground.

## 2. Section 412

Next, the defendants contend that they are entitled to a judgment that Pickersgill is not entitled to pursue statutory damages and attorney's fees because (1) the defendants' alleged infringement commenced before Pickersgill registered the photographs and (2) Pickersgill registered the photographs more than 3 months after the photographs' initial publication.

Under the Copyright Act, "[s]tatutory damages are not available . . . in all copyright cases. A plaintiff cannot recover statutory damages . . . [or] attorney's fees, for 'any infringement' a defendant commences before the plaintiff registered the copyright."[36] This limitation is designed to "encourage[] authors to register their works quickly, allowing potential infringers to readily determine whether a work is protected."[37]

The defendants contend that since Pickersgill registered his copyright on July 5, 2016, and the defendants' allegedly infringing acts occurred in October 2015 and January 2016—before Pickersgill registered the photos—Pickersgill is not entitled to statutory damages. But Pickersgill argues that the defendants created a material dispute of fact in their answer by asserting the affirmative defense of implied license. By asserting this defense, Pickersgill reasons, the defendants "have alleged that there

---

[36] *S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.,* 946 F.3d 780, 782 (5th Cir. 2020) (quoting 17 U.S.C. § 412).

[37] *Id.*

was no infringement prior to registration because they had an implied license to use the works."[38]  And if the defendants were able to prove this affirmative defense, it would mean that the license was revoked when Pickersgill filed suit, so their infringement commenced almost five years after Pickersgill registered the photos. Pickersgill concludes that it is premature to dismiss his claim for statutory damages at this time.

The Court agrees.  Although the pleadings show that Pickersgill registered his copyright on July 5, 2016, and it is clear that Pickersgill is not entitled to any statutory damages for infringement that commenced before this date, the Court finds that judgment on the pleadings is not appropriate at this time.  If the infringement actually commenced when suit was filed, Pickersgill may be entitled to statutory damages.  But the Court cannot decide these questions now.  The defendants' motion for judgment on the pleadings is therefore **DENIED**.

### III. Conclusion

For the stated reasons, the Court **GRANTS IN PART AND DENIES IN PART** Pickersgill's motion to strike.  The Court **DENIES** the motion as to the defendants' affirmative defenses of fair use and express or implied license, which are sufficient as pled.  The Court **GRANTS** the motion as to the affirmative defenses of willfulness and laches, which are insufficient as a matter of law.  And the Court **GRANTS** the motion as to the affirmative defenses of waiver, estoppel, and DMCA, which are insufficient as a matter of pleading.  The Court grants the defendants leave

---

[38] Doc. No. 18 at 6 (emphasis omitted).

to replead its affirmative defenses of waiver, estoppel, and DMCA within twenty-eight days of this order.

The Court also **DENIES** the defendants' motion for judgment on the pleadings. And because the Court does not rely on the portions of the defendants' reply brief that Pickersgill wished to respond to, the Court **DISMISSES AS MOOT** Pickersgill's motion for leave to file surreply.

**IT IS SO ORDERED** this 5th day of November, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE